# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE JOHNSON**, | : | **CIVIL ACTION NO. 1:12-CV-0308** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN OF USP CANAAN**, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this 8th day of January, 2013, upon consideration of the petition for writ of mandamus (Doc. 1) pursuant to 28 U.S.C. § 1361,[1] wherein petitioner, a federal inmate formerly incarcerated at the United States Penitentiary at Canaan, Pennsylvania, alleges that, because "his legal materials and property was [sic] confiscated and there were threats made to destroy [his] property" in retaliation for the filing of a grievance, he seeks to compel an investigation into staff misconduct and requests that his personal and legal property be forwarded to him at his present place of incarceration as he has "dead lines he needs to meet with the court" (Doc. 1, at 2, 9), and upon consideration of respondents' response (Doc. 23), in which they seek dismissal of the petition on the ground that mandamus relief is not warranted because petitioner has an adequate alternative remedy available, to

---

[1] Title 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

wit, a civil action pursuant to 28 U.S.C. § 1361, and it being well-settled that "[m]andamus is an extraordinary remedy," see Kerr v. U.S.Dist. Ct., 426 U.S. 394, 402 (1976), and a "drastic remedy that 'is seldom issued and [ ] is discouraged,' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), and that a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances," Hollingsworth v. Perry, 558 U.S. 183 (2010) (per curiam) (internal quotation marks and citation omitted), and, where there are practical avenues for seeking relief that are untried, a petition for mandamus will ordinarily be denied, see Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996), and, based on the allegations contained in the petition, it is clear that a § 1331 civil rights action alleging violations of his First Amendment rights is an adequate means for petitioner to obtain the relief he seeks in this case, it is hereby ORDERED that the petition is DISMISSED without prejudice to petitioner's right to file a civil rights action.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge